**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

—————————————————

| | |
|---|---|
| JOHN ALLEN EUGENE MALDONADO | Cause No.     CV-07-127-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| DETENTION OFFICER CORPORAL BRUCE, DETENTION OFFICER VITLEY, and WARDEN STEVE RAY, | |
| Defendants. | |

—————————————————

This matter comes before the Court on Plaintiff's Complaint (Court's Doc. No. 2).

## I.  STATEMENT OF THE CASE

### A.  Jurisdiction

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged constitutional violations during his incarceration at the Dawson County Correctional Center in Glendive, Montana.  Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-127-BLG-RFC-CSO / PAGE 1

### B.  Parties

Plaintiff is a federal prisoner.  According to the Federal Bureau of Prisons' website, Plaintiff is currently incarcerated at the Federal Correctional Institution in Sheridan, Oregon.[1]

The named Defendants are Corporal Bruce, mail room supervisor at the Dawson County Detention Facility; Officer Vitely, mail room supervisor at Dawson County Detention Facility; and Warden Steve Ray.

### C.  Plaintiff's Allegations

Plaintiff's alleges that on August 3, 2007, he was denied the privilege to write and receive correspondence from his common-law wife.  Plaintiff's wife was incarcerated at the Dublin Federal Correctional Institution in Dublin, California at the time of the events giving rise to this Complaint.

According to the documents attached to Plaintiff's Complaint, it appears that Plaintiff and his wife were granted permission from Warden Mahoney and Warden Schelia Clark (Warden at Dublin FCI) to correspond with each other.  (Court's Doc. No. 2-2, p. 1).  The Dawson County Detention Facility apparently had a copy of this letter as it was provided to Plaintiff by Defendant Vitely upon his request on September 5, 2007. (Court's Doc. NO. 2-2, p. 9).

---

[1] Plaintiff last updated his address with the Court on October 15, 2007 indicating that he was located at the Crossroads Correctional Center in Shelby, Montana. (Court's Doc. No. 7).  However, the BOP website lists Plaintiff at the Sheridan FCI in Oregon.  Plaintiff is advised that he must officially notify the Court of his current address or his case may be subject to dismissal pursuant to Local Rule 5.5 which requires the parties to promptly notify the Court of any change of address.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-127-BLG-RFC-CSO / PAGE 2

On August 3, 2007, Corporal Bruce wrote a letter to Plaintiff indicating that his privilege to correspond with his common law wife had been suspended. The letter stated, "Correspondence between inmates is a privilege designed only for the inmates approved. Third party correspondence is not allowed and is not acceptable. Letters coming into Dawson County Correctional Facility are incorporating/encouraging third party correspondence; therefore your privilege has been suspended to correspond with: Christina Kingswer (sic) Maldonado. . . . Starting today, August 3, 2007, until further notice any and all correspondence will be returned to sender." (Court's Doc. No. 2-2, p. 2).

On September 1, 2007, Plaintiff wrote a letter to Warden Steve Ray complaining about his lost privilege. In his letter, Plaintiff contends that he had no contraband, there was no threat to security and no third party mail involved in his correspondence to his wife. He alleges that, "Bruce and Vitley over zealeously [sic] reacted without probable cause or evidence in total." (Court's Doc. No. 2-2, p. 6).

Warden Ray responded on September 5, 2007, stating, "I am not approving you to correspond with Christine Kingsolver for the following reasons. (1) I have no proof that you are legally married. (2) Prior correspondence was not appropriate and appeared to be used as a method for inmates to set up dates or letter writing between a female and male prison." (Court's Doc. No. 2-2, p. 8). Plaintiff signed his Complaint on September 12, 2007.

Plaintiff filed a Notice of Change of Address less than a month later on October 11, 2007, indicating that he had been transferred from the Dawson County Correctional Facility.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . .  (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-127-BLG-RFC-CSO / PAGE 4

Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Id.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 550 U.S.      , 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson,

809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

**B.  <u>Analysis</u>**

Inmates enjoy "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995)(per curiam) (citing Thornburgh v. Abbott, 490 U.S. 401, 407, 109 S. Ct. 1874, 1878-79, 104 L. Ed. 2d 64 (1987)).  However, the right is not unconditional and may be regulated by the prison facility so long as the regulation is "reasonably related to legitimate penological interests.""  Witherow, 52 F.3d at 265 (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261, 61 L. Ed. 2d 64 (1987)).  Intra-prisoner mail restrictions (such as that at issue herein) will be upheld if they satisfy the four-part reasonable relationship test of Turner v. Safley.

The Court has two concerns regarding Plaintiff's First Amendment claim.  First, according to the documents submitted with Plaintiff's Complaint, it appears that the temporary disruption of Plaintiff's correspondence with his common-law wife was reasonably related to a legitimate penological objective of preventing unauthorized correspondence between a male and female prison. See Turner v. Safley, 482 U.S. at 88-89, 92.  According to Warden Ray's September 5, 2007, response to Plaintiff, "prior correspondence was not appropriate and appeared to be used as a method for inmates to set up dates or letter writing between a female and male prison."  (Court's Doc. 2-2, p. 8).  Therefore, the temporary disruption of correspondence with Plaintiff's wife appears to be reasonably related to valid corrections goals.  Turner, 848 U.S. 78.

To the extent that Plaintiff challenges the correctness of the disciplinary decision, his claim also fails.  Plaintiff argues that Defendants Bruce and Vitley "over zealeously reacted without probable cause or evidence in total."  However, this Court's role does not lie in determining the correctness of a disciplinary/administrative prison decision rather merely whether the censor was accompanied by minimum procedural safeguards." Procunier v. Martinez, 416 U.S. 396, 418, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974).  Plaintiff had an opportunity to grieve the decision suspend his correspondence privileges with his wife, he appealed that decision to the Warden and received a response.  There is no allegation of a procedural due process claim and on the facts it appears that such a claim fails as a matter of law.

Secondly, the Court is not inclined to allow this matter to proceed given the de minimis nature of the alleged deprivation.  See, e.g., Jones v. Solano County Sheriff, 2008 WL 220319 (E.D. Ca. 2008) (citing  Bell v. Wolfish, 441 U.S. 520, 539 n. 21) (noting that federal courts need not interfere whenever prisoners are inconvenienced or suffer de minimis injuries).  At most Plaintiff lost his privilege to correspond with his common-law wife (and only her) for approximately two months.  A two-month suspension of Plaintiff's privilege to correspond with his incarcerated wife, in light of the alleged policy violations, is insufficient to state a claim for federal relief.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  The Clerk of Court is directed to serve a copy of this Order and all further Court Orders upon Plaintiff at FCI Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR  97378.

2.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

## RECOMMENDATION

1.  Plaintiff's Complaint should be **DISMISSED** for failure to state a claim**.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.   A district judge will make a de novo

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-07-127-BLG-RFC-CSO / PAGE 8

determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.   Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 19th day of June, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT - CV-07-127-BLG-RFC-CSO / PAGE 9