IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOHN ALLEN EUGENE MALDONADO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>DETENTION OFFICER CORPORAL, )<br>BRUCE, DETENTION OFFICER VITLEY, )<br>WARDEN STEVE RAY, )<br>)<br>Defendants. )<br>_____) | CV-07-127-BLG-RFC<br><br><br><br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>U.S. MAGISTRATE JUDGE |

On June 19, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. *Doc. 8*. Magistrate Judge Ostby recommends this Court dismiss Plaintiff's Complaint (*Doc. 2*) for failure to state a claim upon which relief may be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1).[1] In this matter, no party filed objections to the June 19, 2008 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety. Here, Magistrate Judge Ostby correctly noted that a prisoner's First Amendment right to send and receive mail can be regulated by the prison so long as the regulation is "reasonably related to legitimate penological interests." *Turner v. Safely,* 482 U.S. 78, 89 (1987). Further, since the restrictions placed on Plaintiff's mail privileges were intended to prevent unauthorized correspondence between male and female prisons, the temporary prohibition on communication between Plaintiff and his wife was reasonable.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Complaint (Doc. 2) is **DISMISSED.**

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED the 16th day of July, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE